# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Arteasa Maurice Whitlock, | ) | |
| | ) | Civil Action No.: 2:17-cv-03335-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Laura Caldwell, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court for review of Magistrate Judge Mary Gordon Baker's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 10, 2018 (ECF No. 16). The Report addresses Respondent Warden Laura Caldwell's ("Respondent") Motion for Summary Judgment (ECF No. 10) on Petitioner Arteasa Maurice Whitlock's ("Peitioner") Petition for Writ of Habeas Corpus (ECF No. 1). The Report recommends that the court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's Habeas Corpus Petition with prejudice. (ECF No. 16 at 16.) For the reasons stated herein, the court **ACCEPTS** the Report, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** Petitioner's Habeas Corpus Petition with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*Id.* at 1-5.) As brief background, Petitioner, proceeding pro se and in forma pauperis, filed his Habeas Corpus Petition on December 8, 2017. (ECF No. 1.) Petitioner alleged that his Sixth Amendment rights were violated due to (1) the ineffective assistance of his sentencing counsel for failing to timely request Petitioner's trial transcript before it was destroyed,

1

denying him the right to a direct appeal (ECF No. 1-1 at 1); (2) the ineffective assistance of his trial counsel for failing to inform Petitioner of a plea offer (*Id.* at 7-8); and (3) the ineffective assistance of his appellate counsel for failing to petition the South Carolina Court of Appeals for rehearing on Petitioner's Motion to Reconstruct the record of Petitioner's criminal trial (*Id.* at 18-26).

On February 5, 2015, Respondent moved for summary judgment, asserting

> the Petition should be summarily dismissed as the record conclusively shows that only one of three claims for relief is procedurally proper before this court; that *Martinez v. Ryan* . . . should not apply to lift the procedural bars attaching to the remaining two claims[;] and that Petitioner has failed to demonstrate that he is entitled to relief on the merits.

(ECF No. 11 at 1.)

On July 10, 2018, the Magistrate Judge issued a Report and recommended granting Respondent's Summary Judgment Motion and dismissing Petitioner's Habeas Petition with prejudice. (ECF No. 16 at 16.)

As to Petitioner's sentencing counsel, the Magistrate Judge found Petitioner did not present clear and convincing evidence to rebut the presumption that his sentencing counsel's testimony at Petitioner's post-conviction relief (PCR) hearing was credible. (*Id.* at 8-9.) Additionally, the Magistrate Judge found that, "On this record, the state court's rejection of Petitioner's claim of ineffective assistance of counsel is not contrary to, or an unreasonable application of, clearly established federal law, nor was the state court's decision based on an unreasonable determination of the facts." (*Id.* at 10.)

As to Petitioner's claim his trial counsel was ineffective, the Magistrate Judge found Petitioner defaulted on this claim because Petitioner did not raise the claim in his PCR application, and it was not ruled upon by the PCR court. (*Id.* at 13.) The Magistrate Judge further concluded

2

that Petitioner is not entitled to relief under *Martinez v. Ryan*, 566 U.S. 1 (2012),[1] because Petitioner failed to show cause for the default. (*Id.* at 13-14.)

Finally, as to Petitioner's claim appellate counsel was ineffective, the Magistrate Judge found this claim procedurally barred because Petitioner did not raise it in his PCR application, and it was not ruled upon by the PCR court. (*Id.* at 15.) The Magistrate Judge also noted that *Martinez* has not been extended to claims of ineffective assistance of appellate counsel. (*Id.* at 16.)

On July 24, 2018, Petitioner filed an Objection to the Report and Recommendation. (ECF No. 18). On August 1, 2018, Respondents submitted their Response to Petitioner's Objections to the Report and Recommendation (ECF No. 19).

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a

---

[1] "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

3

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Petitioner does not specifically object to the Magistrate Judge's findings on Petitioner's ineffective assistance of counsel claims. (*See* ECF No. 18.) Instead, Petitioner restates his original arguments, going so far as to assert that he "verbatim re-argue[s]" each of the grounds for relief that he raised in his Habeas Petition. (ECF No. 18 at 2, 10, 16.) As a result, the court "must 'only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 316 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, in the absence of *specific* objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, construing Petitioner's Objection liberally, the court finds he failed to advance any *specific* objections to the Magistrate Judge's Report, and the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds there is no clear error and **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 10), and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 25, 2018
Columbia, South Carolina